**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

**STEPHANIE KLEIN,** on behalf of
herself and all others similarly
situated,

      Plaintiff,

**v.**                            Case No:

**RECEIVABLE MANAGEMENT**       **CLASS REPRESENTATION**
**GROUP, INC,**                        **JURY TRIAL DEMANDED**

      Defendant.

_____/

## CLASS ACTION COMPLAINT

**COMES NOW**, Plaintiff, **STEPHANIE KLEIN** ("Ms. Klein" or "Plaintiff"), by and

through the undersigned counsel, on behalf of herself and all others similarly situated, and pursuant

to Rules 1.190(a) and 1.220 of the Florida Rules of Civil Procedure hereby files this Class Action

Complaint against Defendant, **RECEIVABLE MANAGEMENT GROUP, INC.** ("Defendant"),

and in support thereof states as follows:

### *Introduction*

1.     This is a class action brought pursuant to Rule 1.220 of the Florida Rules of Civil

Procedure against Defendant for its routine and systematic violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Specifically, Defendant routinely and

systematically engages in the practice of overshadowing a consumer's right to dispute and request

verification of an alleged debt within the 30-day time period pursuant to 15 U.S.C. § 1692g(b).

Plaintiff requests that the practices of Defendant described below be declared to violate the

***ELECTRONICALLY FILED 01/08/2021 04:16:01 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

FDCPA and that she and the class members be awarded statutory damages payable by Defendant accordingly. Alternatively, in the event that class certification is unavailable, the Plaintiff's claims are asserted in her individual capacity on a non-class basis against Defendant.

### *Jurisdiction, Venue, and Standing*

2.      This Court has jurisdiction pursuant to Section 26.012(2)(a), Florida Statutes, because this is an action for damages that exceeds $30,000.00 exclusive of interest, attorneys' fees, and costs.

3.      This Court also has jurisdiction over the Plaintiffs' declaratory judgment claim pursuant to Section 86.011, Florida Statutes, and over the Plaintiff's injunctive relief claim pursuant to Section 26.012(3), Florida Statutes.

4.      Venue is also proper in Pinellas County, Florida as a substantial part of the events or omissions giving rise to the claims occurred in this County.

5.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law.'" *Id*. (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

6.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id*. at *3 (holding that a consumer "has

alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7.     "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1343 (S.D. Fla. 2016).

8.     "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

9.     "[N]umerous other courts, including courts in this circuit and from around the country, have rejected Spokeo-based standing challenges in the context of FDCPA violations." *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

10.    "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## *Parties*

11.     Plaintiff, Ms. Klein, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by 15 U.S.C. § 1692a (3).

12.     The alleged violations described in the Complaint with respect to Plaintiff occurred in Pinellas County, Florida, and with respect to proposed Class Members occurred throughout the State of Florida.

13.     At all times material hereto, Defendant was and is a business with its principal place of business in the state of GA, and its registered agent, Michelle H. Kappleman, located at 18142 27th St, Miramar, FL 33029.

14.     At all times material hereto, Defendant was and is a "Debt Collector" as defined by 15 U.S.C. § 1692a(6).

## *Representative Plaintiff's Allegations*

15.     In or around October of 2019, Ms. Klein received medical treatment from Radiology Associates of Clearwater, which opened a unique account under her name ("Account").

16.     Sometime thereafter, Ms. Klein encountered financial difficulties and fell behind on her payments towards the Account, which incurred an alleged outstanding balance of $507.00 owed thereunder ("Debt").

17.     The Account and Debt were then sold, assigned, or transferred to Defendant for debt collection purposes on behalf of Radiology Associates of Clearwater.

18.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20.     On or around January 9, 2020, Defendant sent a letter in connection with the collection of the Debt ($507.00) to Ms. Klein's home address in Pinellas County, Florida. *See* **Exhibit A.**

21.     Defendant's January 9, 2020 letter was its initial communication with Plaintiff with respect to the Debt.

22.     The first page of Defendant's January 9, 2020 letter, however, represented that Defendant had "recently received a payment from [Ms. Klein]'s insurance company and the remaining balance listed above [$507.00] is the balance due by you after insurance is paid." *See* **Exhibit A.**

23.      The first page of Defendant's January 9, 2020 letter then demands payment from Ms. Klein by stating: "[i]f you would like to satisfy your balance or set up a payment arrangement please call (844) 601-2486 or (706) 568-4093. You may also log onto our secure website to complete your payment transaction at pay.rmgcollections.net. For your convenience, we accept VISA, MASTERCARD, and DISCOVER. If you wish to charge this balance to your credit card, please complete the credit card form below and return to this office." *See* **Exhibit A.**

24.     Defendant's January 9, 2020 letter further represents that "[y]our *prompt attention* to this matter is appreciated." *See* **Exhibit A.**

25.     The first page of Defendant's January 9, 2020 letter closes with "[t]his communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose," along with a payment instruction as follows: "***Please detach the

lower portion and return with your payment***" accompanying the credit card form intended for Ms. Klein to enclose payment payable to Defendant. *See* **Exhibit A.**

26.     The second page of Defendant's January 9, 2020 letter contained the notices required in an initial communication by 15 U.S.C. § 1692g(a). *See* **Exhibit A.**

27.     A true and correct copy of the Defendant's January 9, 2020 letter is attached to this complaint as **Exhibit "A."**

28.     Defendant's demand for payment overshadowed Plaintiff's right to dispute and request verification of the Debt within the 30-day time period. *See* 15 U.S.C. § 16392g(b).

29.     As Plaintiff is and was currently unable to remit payment of the Debt, Defendant's January 9, 2020 letter falsely caused Plaintiff confusion as to whether she had any right to dispute or request verification of the Debt when payment could not be made promptly.

30.     As a direct and proximate result of Defendant's January 9, 2020 letter overshadowing Ms. Klein's right to dispute the Debt or request verification pursuant to 15 U.S.C. § 1692g(b), Ms. Klein did not dispute the Debt or request verification of such Debt.

31.     Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

32.     The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

33.     If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

### *Nature of Dispute and Facts Common to All Class Members*

34.     Plaintiff repeats and re-alleges each factual allegation above.

35.     Defendant's January 9, 2020 letter is based on a form or template (the "Template").

36.     It is or was the policy and practice of Defendant to cause letters in the form of **Exhibit "A"** to be sent to consumers stating that Defendant had "recently received a payment from [Ms. Klein]'s insurance company and the remaining balance listed above [$507.00] is the balance due by you after insurance is paid."

37.     It is or was the policy and practice of Defendant to cause letters in the form of **Exhibit "A"** to be sent to consumers including demands for payment that state: "[i]f you would like to satisfy your balance or set up a payment arrangement please call (844) 601-2486 or (706) 568-4093. You may also log onto our secure website to complete your payment transaction at pay.rmgcollections.net. For your convenience, we accept VISA, MASTERCARD, and DISCOVER. If you wish to charge this balance to your credit card, please complete the credit card form below and return to this office."

38.     It is or was the policy and practice of Defendant to cause letters in the form of **Exhibit "A"** to demand payment immediately by representing that: "[y]our prompt attention to this matter is appreciated."

39.     It is or was the policy and practice of Defendant to cause letters in the form of **Exhibit "A" demanding payment again by representing:** "[t]his communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose," along with a payment instruction as follows: "***Please detach the lower portion and return with your payment***" accompanying the credit card form intended for Ms. Klein to enclose payment payable to Defendant.

40.     Defendant has sent more than forty (40) collection letters based upon the Template to individuals in the State of Florida in the year prior to the filing of this action.

### Count 1: Violation of the Federal Debt Collection Practices Act ("FDCPA")

41.     Plaintiff re-alleges paragraphs 1-41 and incorporates the same herein by reference.

42.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. See 15 U.S.C. § 1692g(a).

43.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)).

44.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

45.     "To comply with the FDCPA's notice requirements, the notice must actually and effectively convey to the consumer his right to dispute the debt." *In re Martinez*, 271 B.R. 696, 700 (S.D. Fla. 2001), aff'd, 311 F.3d 1272 (11th Cir. 2002).

46.     To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during

the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." Id.

47.    "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

48.    The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

49.    "Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt, that emphasized the duty to make the payment, and that obscured the fact that the debtor had thirty days to dispute the debt." *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (quotations omitted).

50.    If a debt collection letter "lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011).

51.    Here, Defendant's January 9, 2020 letter demanded immediate payment and included an entire first page of payment instructions.

52.    Therefore, Defendant violated 15 U.S.C. § 1692g(b) when it sent Plaintiff its January 9, 2020 letter that overshadowed the disclosures required pursuant to 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor, and against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney's fees, enjoinder from further violations of these parts, and any such other relief the Court may deem just and proper.

## CLASS ACTION ALLEGATIONS

53.     This action is brought on behalf of a class defined as (i) all persons to whom letters in the form of the **Exhibit "A"** Template were sent during the one year prior to the date of filing this action (ii) in an attempt to collect a debt (iii) which were not returned undelivered by the U.S. Post Office.

### *Numerosity*

54.     Plaintiff alleges on information and belief based on the use of Template letter in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Defendant has likely sent such letters on behalf of consumers that allegedly owe Defendant debts dating back to at least January 1, 2020, if not earlier. Plaintiff estimates the Class has more than 50 members.

### *Commonality*

55.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues include, without limitation:

a.      Whether **Exhibit "A"** overshadows a consumer's right to right to dispute and request verification of an alleged debt within the 30-day time period pursuant to 15 U.S.C. § 1692g(b).

56.     Also, all of the Class members reside in Florida and received the same or substantially similar communications from Defendant as the letter attached hereto as Exhibits "A."

### *Typicality*

57.     Plaintiff's claims are typical of those of the class members and Plaintiff has no interest adverse or antagonistic to the interests of other members of the class.  All are based on the same facts and legal theories.

### *Adequacy of Class Representation*

58.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff have retained counsel experienced in handling actions involving unlawful practices under the FCCPA and class actions.  Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

### *Predominance of Common Questions*

59.     The common questions set forth in Paragraph 55 predominate over any individual issues.

### *Superiority of Class Resolution*

60.     A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

61.     A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

62.     Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for Defendant's conduct.

63.     Absent a class action, the class members will continue to have their rights violated and will continue to suffer monetary damages.

64.     Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire class.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Class, and against Defendant for:

a.   A declaration that Defendant's practices described herein violate the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*;

b.   An award of actual damages in an amount to be proven at trial;

c.   An award of statutory damages for Plaintiff in the amount of $1,000.00 for each and every violation of the FDCPA;

d.   Attorney's fees, litigation expenses, and costs of suit; and

e.   Such further and other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff individually and on behalf of all others similarly situated demands a trial by jury.

Respectfully submitted this **January 8, 2021**,

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

# EXHIBIT A

# *Receivable Management Group, Inc.*

2901 University Ave. #29 • Columbus, GA 31907
(706) 568-4093 • (844) 601-2486

January 9, 2020

STEPHANIE M. KLEIN

| | |
|---|---|
| Creditor: | RADIOLOGY ASSOCIATES OF CLEARWATER |
| Account #: | PQT |
| Amount Due: | $507.00 |

Dear STEPHANIE M. KLEIN,

Thank you for choosing Radiology Associates of Clearwater. On behalf of Radiology Associates of Clearwater we are contacting you regarding the past due balance noted above.  We recently received a payment from your insurance company and the remaining balance listed above is the balance due by you after insurance has paid.  If you would like to satisfy your balance or set up a payment arrangement please call (844) 601-2486 or (706) 568-4093.  You may also log onto our secure website to complete your payment transaction at pay.rmgcollections.net.

For your convenience, we accept VISA, MASTERCARD, and DISCOVER.  If you wish to charge this balance to your credit card, please complete the credit card form below and return to this office.

Your prompt attention to this matter is appreciated.

Sincerely,

Amanda Willis

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

**Please See Reverse Side for Important Consumer Information** 3472-CMRMGP10-X01-04/13/17

**\*\*\* Please detach the lower portion and return with your payment \*\*\***

Y24CBB16C8

PO Box 6070
Columbus GA 31917-6070
RETURN SERVICE REQUESTED

| IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW. | | |
|---|---|---|
| MasterCard    VISA    DISCOVER | | |
| CARD NUMBER | | EXP. DATE |
| CARD HOLDER NAME | | CVV |
| SIGNATURE | AMOUNT PAID | |

January 9, 2020

| | |
|---|---|
| Creditor: | RADIOLOGY ASSOCIATES OF CLEARWATER |
| Account #: | PQT |
| Amount Due: | $507.00 |

STEPHANIE M. KLEIN

Receivable Management Group, Inc.
PO Box 6070
Columbus GA 31917-6070

**Important Consumer Notice**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

